

**FILED**
6/24/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:26-cr-00271 |
| | ) | |
| vs. | ) | Hon. Heather K. McShain |
| | ) | |
| | ) | |
| CARL MITCHELL | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the Assistant Attorney General for the United States Department of Justice, Criminal Division, A. TYSEN DUVA, Defendant CARL MITCHELL, and his attorneys, STEVEN J. WEINBERG and ALEXANDRIA MICELI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2. The Information in this case charges Defendant with willfully failing to pay federal income tax, in violation of Title 26, United States Code, Section 7203 (Counts One to Five).

3. Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**<u>Charge to Which Defendant Is Pleading Guilty</u>**

5.     By this Plea Agreement, Defendant agrees to enter a voluntary plea of guilty to Counts One through Five of the Information which charges Defendant with willfully failing to pay federal income tax, in violation of 26 U.S.C. § 7203, for the years 2019 through 2023.

**<u>Factual Basis</u>**

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One through Five of the Information. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

Defendant is a resident of Crete, Illinois, located in Will County and within the Northern District of Illinois. Defendant is a longtime musician and performing artist known professionally as "Twista." During the years at issue, Defendant earned taxable income from, among other things, musical performances, album sales, streaming, and royalties.

Beginning no earlier than July 15, 2020, and continuing through the present, Defendant willfully failed to pay his income tax liabilities for the 2019 through 2023 tax years, as alleged in Counts One through Five of the Information. For each year, Defendant had a duty to file tax returns and willfully failed to pay amounts owed by the due dates required by law. As of May 5, 2026, the total amounts due and owing for these years is as follows:

2

| | |
|---|---|
| 2019: | $18,891.25 |
| 2020: | $5,715.83 |
| 2021: | $32,571.71 |
| 2022: | $71,703.00 |
| 2023: | $49,102.73 |

Defendant admits he had a duty to pay these tax liabilities as they became due and willfully failed to do so. The IRS notified defendant on multiple occasions that he had unpaid liabilities for 2019 through 2023. For these years, Defendant paid professional tax return preparers to prepare and file his tax returns. These professionals reviewed Defendant's tax returns with him before they were filed, advised Defendant of his tax owed, and encouraged Defendant to make timely payments. In spite of this advice, Defendant willfully failed to pay the balances owed.

Since at least 2019, Defendant has entered into various agreements with a third-party company, LF, to receive advances on future royalties and assigned his royalties to LF. Defendant knew that by assigning his royalties to LF, the IRS would not be able to levy these funds. From 2019 through 2023, Defendant received at least $578,322 in such payments from LF.

Instead of paying his tax liabilities, Defendant bought, or caused others to purchase for his benefit, multiple vehicles, including a 2015 BMW I8 worth $81,893.81, a 2016 Tesla Model X worth approximately $65,099 ("the Tesla"), a 2022 Chevrolet Corvette worth $100,354.03, and a 2025 Jeep Gladiator worth $64,400.75.

These vehicles were purchased with funds that Defendant could have used to pay his income tax liabilities. Defendant routinely made other large, non-essential purchases when he could have used available funds to pay his outstanding tax debts. Despite being aware of these outstanding liabilities related to the 2019 to 2023 tax years, Defendant willfully failed to pay them.

In addition to the years charged in the Information, Defendant has unpaid tax liabilities from the 2010 through 2018 tax years. As of May 5, 2026 the total amounts due and owing for these years, including interest and penalties, are as follows:

| | |
|---|---|
| 2011: | $5,101.98 |
| 2012: | $9,619.26 |
| 2014: | $40,263.33 |
| 2015: | $25,574.22 |
| 2016: | $95,568.57 |
| 2017: | $17,241.44 |
| 2018: | $69,706.59 |

Defendant admits that he had duty to pay these tax liabilities as they became due and willfully failed to do so. Defendant agrees that the Court should consider the 2010 through 2018 liabilities due and owing as relevant conduct for sentencing purposes.

## Maximum Statutory Penalties

7.      Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.      Each violation of 26 U.S.C. § 7203 carries a maximum sentence of 1 year of imprisonment and a maximum fine of $25,000.

b.      Pursuant to Title 18, United States Code, Section 3013, Defendant will be assessed $25 on each charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

c.      Therefore, under the counts to which Defendant is pleading guilty, the total maximum sentence is 5 years' imprisonment. In addition, Defendant is subject to a total maximum fine of $125,000, and special assessments totaling $125, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8.      Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the Defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the

5

Defendant, and provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2025 Guidelines Manual.

b.      **Offense Level Calculations**.

i.      Pursuant to Guideline §§ 3D1.1, 3D1.2, and 3D1.3, Counts One through Five are grouped together into a single Group because the offense level is determined largely on the basis of the total amount of harm or loss.

ii.      The base offense level is 18 pursuant to Guideline §§ 2T1.1, 2T1.4, and 2T4.1(G) because the total tax loss is more than $250,000, but not more than $550,000.

iii.      the Government understands that Defendant will truthfully admit the conduct comprising the offenses of conviction and truthfully

6

admit or not falsely deny any additional relevant conduct for which the Defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the Government, Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the Government does not receive additional evidence in conflict with this provision, and if Defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office; the United States Department of Justice, Criminal Division; and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iv.     In accord with Guideline § 3E1.1(b), Defendant has timely notified the Government of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that Defendant is entitled to a two-level reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in the offense level.

v.     Based on the facts now known to the Government, Defendant does not receive any criminal history points from Chapter Four, Part A,

and otherwise meets the criteria set forth in Guidelines § 4C1.1(a). Therefore, the offense level is decreased by 2 levels.

      c.    **Criminal History Category**. With regard to determining Defendant's criminal history points and criminal history category, based on the facts now known to the Government, Defendant's criminal history category is I.

      d.    **Anticipated Advisory Sentencing Guidelines Range**. Based on the facts now known to the Government, the Government anticipates the offense level to be 13, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 12 to 18 months of imprisonment in addition to any fine or restitution the Court may impose.

      e.    Defendant, his attorney, and the Government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the Government and that further review of the facts or applicable legal principles may lead the Government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon Defendant's, the probation officer's, or the Court's concurrence with the above calculations, and Defendant shall not have

a right to withdraw his plea on the basis of a change in the Government's position on the guideline calculations or the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the Government prior to sentencing. The Government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the Government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and Defendant shall not have a right to withdraw his plea on the basis of such corrections.

## Agreements Relating to Sentencing

11. Defendant is free to recommend whatever sentence he deems appropriate. The Government agrees that it will not argue for a sentence higher than the advisory guidelines range recommended by the Parties.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, Defendant will have no right to withdraw his guilty plea.

13.     Defendant agrees to pay the special assessment of $125 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Restitution

14.     Pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664, Defendant agrees to pay restitution to the United States Department of the Treasury, arising from the tax offenses set forth above, **totaling $441,059.91 as of May 5, 2026**; Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

a.     Defendant agrees to pay Title 26 interest and penalties on the restitution due to the IRS; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The Government will provide an updated restitution figure at sentencing.

b.     Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the

10

Court and the Government of any material change in economic circumstances that might affect his ability to pay restitution.

c.     Defendant acknowledges that the IRS will use the amount of restitution related to the tax offenses as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of any assessment.

d.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

e.     For any restitution payments made to the Department of the Treasury pursuant to this Agreement, Defendant agrees to send notice of such payments to the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

Such notice shall include Defendant's name, Social Security number, the district court and docket number assigned to the case, and the tax years for which restitution has been ordered.

11

f.      Defendant is entitled to receive credit for restitution paid pursuant to this Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that this Agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to conduct covered by this Agreement, and that the satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Agreement

15.     This Agreement is entirely voluntary and represents the entire agreement between the Assistant Attorney General and Defendant regarding Defendant's criminal liability in this matter.

16.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against Defendant or any other person or entity. The obligations of this Agreement are limited to the United States Department of Justice, Criminal Division and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

17. Defendant understands that nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, or penalties from Defendant or his businesses. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for this criminal case.

## Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the Government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

13

iii. If the trial is a jury trial, the jury would be instructed that Defendant is presumed innocent, that the Government has the burden of proving Defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the Government had established Defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses, and his attorney would be able to cross-examine them.

vi. At a trial, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A Defendant is not required to present any evidence.

vii. At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

14

drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

b. **Appellate and Collateral Rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, Defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within or below the Guidelines sentencing range, as calculated by the Court, and any order of restitution, in exchange for the concessions made the United States in this Agreement. In addition, Defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Codes, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit Defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to Defendant and that, prior to the filing of Defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

15

19.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

20.     Defendant understands that the United States Department of Justice, Criminal Division in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the Defendant's criminal conduct and related conduct, and any relevant information concerning the Defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

21.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, the United States Attorney's Office, and the United States Department of Justice, Criminal Division regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and

16

may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

22. For the purpose of monitoring Defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which Defendant is sentenced, Defendant further consents to the disclosure by the IRS to the Probation Office, the United States Attorney's Office, and the United States Department of Justice, Criminal Division of Defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to Defendant's sentencing, to and including the final year of any period of supervised release or probation to which Defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of Defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office and United States Department of Justice, Criminal Division in collecting any unpaid fine and restitution for which Defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office and the United States Department of Justice, Criminal Division.

24. Regarding matters relating to the IRS, Defendant agrees to cooperate with the IRS in any tax examination or audit of Defendant and Defendant's

17

businesses which directly or indirectly relates to or arises out of the course of conduct that Defendant has acknowledged in this Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request.

25. Defendant will not object to a motion brought by the United States Attorney's Office or United States Department of Justice, Criminal Division for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, Defendant will not object to the Government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the IRS), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, Defendant or Defendant's businesses. Nothing in this paragraph or the preceding paragraph precludes Defendant from asserting any available legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS other than a restitution-based assessment under 26 U.S.C. § 6201(a)(4).

18

26. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

27. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the Government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute Defendant not subject to any of the limits set forth in this Agreement, or may move to resentence Defendant or require Defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits Defendant to withdraw from this Agreement, or Defendant breaches any of its terms and the Government elects to void the Agreement and prosecute Defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

19

29.     Should the judge refuse to accept Defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause Defendant to plead guilty.

31.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____5/28/2026_____

_____

BORIS BOURGET
Trial Attorney
United States Department of Justice,
Criminal Division

Carl Mitchell (May 26, 2026 12:17:47 CDT)
_____

CARL MITCHELL
Defendant

_____

STEVEN J. WEINBERG
Attorney for Defendant

20